IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANIS CREDIT CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>M/Y MY MELODY, Official No. 1074363, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, equipment, furniture, and all the necessaries therewith appertaining, etc., *in rem*; et al.<br><br>    Defendants.<br>_____/ | IN ADMIRALTY<br><br>No. C 03-5711 SBA<br><br>**ORDER** |

    This matter came before the Court on Plaintiff Ganis Credit Corporation's ("GANIS'") Ex Parte Application for Entry of Default, Default Judgment, and Order for Sale of the defendant vessel M/Y MY MELODY, Official No. 1074363, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, equipment, furniture, and all the necessaries therewith appertaining, etc., *in rem* (the "VESSEL").

    Based upon the pleadings and papers on file herein, and the entire record of this action, it appears that proper service was duly made upon the VESSEL, and notice of the arrest of the VESSEL was duly given. No answer or other appearance nor verified statement of right or interest in the VESSEL under Supplemental Rule C of the Federal Rules of Civil Procedure was filed in this action. Therefore, good cause appearing,

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.    The Ex Parte Application for Entry of Default, Default Judgment and Order for Sale of the VESSEL *In Rem* [Docket No. 15] is hereby GRANTED.

    2.    Default of the VESSEL *in rem* was properly entered with respect to GANIS' Verified Complaint for Foreclosure of First Preferred Ship Mortgage (the "Complaint") on March 21, 2005 [Docket No. 38].

    3.    Judgment is hereby ENTERED in favor of GANIS and against the VESSEL on the

Complaint.

4. GANIS is the holder of a valid and subsisting first preferred ship mortgage dated July 23, 2001 (the "Mortgage") on the VESSEL.

5. The Mortgage satisfies all of the requirements of the Ship Mortgage Act, as amended, 46 U.S.C. Chapter 313, that are necessary for the Mortgage to constitute a "preferred mortgage lien" on the VESSEL within the meaning of said Act, and is entitled to the benefits and priority provided for therein.

6. The Mortgage secures certain indebtedness to GANIS, as evidenced by a promissory note dated July 23, 2001 (the "Note"), executed and delivered by David M. Levey and Melodye Levey (the "LEVEYS") in favor of GANIS.

7. The VESSEL and the LEVEYS defaulted under the Note and Mortgage by failing to make principal and interest payments when due, which failures constituted a material default under the terms of the Note and Mortgage.

8. As of March 18, 2005 the following amounts were due, owing and unpaid to GANIS under the Note and Mortgage, apart from costs and fees associated with the foreclosure of the Mortgage, and are AWARDED as part of this Judgment:

    A. Principal..…………………………………………...$225,420.60

    B. Accrued interest on principal
        through and including March 18, 2005……..............$  35,806.81

    C. Late charges…………………………………….......$          45.00

        TOTAL OF ABOVE                     $261,272.41

9. Interest continues to accrue at the rate of $54.23 per day up until the date of entry of this Judgment.

10. The Mortgage is senior, prior and superior to any and all other interests, liens or claims of whatsoever nature in the VESSEL.

11. GANIS has incurred and will continue to incur attorneys' fees and costs in collection of the Note and Mortgage, and is entitled to recover such fees pursuant to the terms of the Note and Mortgage.

2

To date, GANIS has been billed and paid $11,621.61 in attorneys' fees and costs which are hereby AWARDED. GANIS has incurred and will continue to incur attorneys' fees and costs through conclusion of this matter including, without limitation, bringing the instant ex parte application for default, default judgment and order for sale of the VESSEL, and arranging and confirming sale of the VESSEL. Such fees are also AWARDED as a part of this Judgment, according to proof to be in accordance with paragraph 14 below.

13. GANIS also has incurred and will continue to incur expenses related to this action, including fees and costs of the U.S. Marshal, fees for keeping the VESSEL, advertising and publication expenses related to the arrest and sale. These amounts include the expenses invoiced totaling $2,352.00, and such other amounts as are shown according to proof in accordance with paragraph 14 below. All such expenses shall be deemed administrative expenses of the action and are AWARDED as part of this Judgment.

13. The Mortgage is hereby foreclosed and GANIS is hereby GRANTED judgment *in rem* against the VESSEL for: (i) $261,272.41 in principal, interest, and late charges; (ii) additional interest from March 18, 2005 through and including the date of this Judgment at the rate of $54.23 per day, if any; (iii) administrative expenses, including Marshal's fees and expenses, and fees for keeping the vessel under arrest, of $2,352.00, plus such other expenses of *custodia legis* incurred or to be incurred until the foreclosure is complete and the VESSEL is sold and released from arrest; and (iv) reasonable attorneys' fees and costs of $11,621.61 plus such other attorneys' fees incurred or to be incurred until the foreclosure is complete and the VESSEL is sold and released from arrest.

14. GANIS may apply ex parte to amend this Judgment to include additional prejudgment interest, attorneys' fees and costs, and administrative expenses not later than thirty (30) days after GANIS' receipt of the latter of (i) the U.S. Marshal's final statement of account for services and disbursements, or (ii) GANIS' receipt of its final invoice from its attorneys, which shall be no later than thirty (30) days after (i) above.

15. GANIS may apply ex parte to amend this Judgment after completion of the foreclosure sale

of the Vessel to reduce the amount of the Judgment by the amount of any credit bid made by GANIS or sales proceeds received by GANIS related to the foreclosure sale of the VESSEL.

16. GANIS is AWARDED interest on each of the amounts entered herein, and the amounts entered in any amended judgment, from the date of entry of judgment until paid, as provided by 28 U.S.C. § 1961.

17. The VESSEL shall be sold substantially in accordance with the Order for Sale of Vessel issued concurrently herewith.

IT IS SO ORDERED.

Dated: 5-18-05

/s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge