|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

GANIS CREDIT CORPORATION,

    Plaintiff,

  v.

M/Y MY MELODY, Official No. 1074363, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, equipment, furniture, and all the necessaries therewith appertaining, etc., *in rem*; et al.

    Defendants.
_____/

IN ADMIRALTY

No. C 03-5711 SBA

**ORDER**

[Docket Nos. 33, 44]

On May 18, 2005, this Court entered an Order granting Plaintiff Ganis Credit Corporation's Ex Parte Application for Entry of Default, Default Judgment, and Order for Sale of the defendant vessel M/Y MY MELODY, Official No. 1074363, her engines, masts, anchors, cables, chains, rigging, tackle, apparel, equipment, furniture, and all the necessaries therewith appertaining, etc., *in rem* (the "VESSEL") (the "Order") [Docket No. 39]. Pursuant to Paragraph 14 of the Order, Plaintiff was granted leave to file an ex parte application requesting that the Order be amended to include additional prejudgment interest, attorney's fees and costs, and administrative expenses, so long as Plaintiff filed its ex parte application within the time specified in the May 18, 2005 Order.

On June 21, 2005, the U.S. Marshal sold the VESSEL pursuant to the May 18, 2005 Order. No written objection was filed within three (3) days after the sale of the VESSEL. Accordingly, pursuant to Admiralty Local Rule 9-2, the sale was deemed confirmed.

On July 18, 2005, Plaintiff received the U.S. Marshal's Bill of Costs and its attorney's final invoice.

On August 16, 2005, Plaintiff timely filed its Ex Parte Application for Amendment to Order for Entry of Default, Default Judgment and Order for Sale of the Vessel *in rem* (the "Ex Parte Application for Amendment") [Docket No. 44]. In the Ex Parte Application for Amendment, Plaintiff requests that the Court

amend its May 18, 2005 Order to include in the judgment the following amounts: (1) fees and expenses of the U.S. Marshal in the amount of $6,724.12; (2) fees and costs of the substitute custodian in the amount of $20,619.10; and (3) attorney's fees and costs in the amount of $11,851.84.

For good cause appearing,

IT IS HEREBY ORDERED THAT Plaintiff's Ex Parte Application for Amendment [Docket No. 44] is GRANTED.

IT IS FURTHER ORDERED THAT Paragraph 13 of the May 18, 2005 Order [Docket No. 33] is AMENDED such that the Default Judgment entered against the VESSEL now includes the following amounts: (1) fees and expenses of the U.S. Marshal in the amount of $6,724.12; (2) fees and costs of the substitute custodian in the amount of $20,619.10; and (3) attorney's fees and costs in the amount of $11,851.84.

IT IS SO ORDERED.

Dated: 9-2-05

SAUNDRA BROWN ARMSTRONG
United States District Judge